FORD, Judge: The appeal for reappraisement listed above has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto that the merchandise consists of rayon sports shirts exported from Japan.

IT IS FURTHER STIPULATED AND AGREED that the price, at the time of exportation to the United States of the merchandise undergoing appraisement, at which such or similar merchandise was freely sold, or in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoiced unit values plus charges shown on the invoices for inland freight, hauling and lighterage, and storage, plus export casing & packing charges as invoiced on both invoices involved in this appeal.

IT IS FURTHER STIPULATED AND AGREED that the merchandise is not on the final list of articles (T.D. 54521) and is subject to the valuation procedure provided for in the Customs Simplification Act of 1956 (Public Law 927—84th Congress, 2nd Session).

IT IS FURTHER STIPULATED AND AGREED that this appeal may be submitted on this stipulation.

Accepting this stipulation as a statement of facts, I find and hold the export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such statutory values are the invoiced unit values, plus charges shown on the invoices for inland freight, hauling and lighterage, and storage, plus export casing and packing charges, as invoiced on both invoices involved in this appeal.

Judgment will be rendered accordingly.

### REHEARING MOTION DENIED

JULY 10, 1962

**Reap. Dec. 10300.**—Studebaker-Packard Corp. *v.* United States, Entered at Los Angeles, Calif. (Not published.) Motion by plaintiff.

### REHEARING MOTION GRANTED

JULY 10, 1962

**Reap. Dec. 10301.**—Louis Goldy Co., Inc., et al. *v.* United States, Entered at New York, N.Y. (Not published.) (Initial No. R61/22102.) Motion by plaintiffs.